# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

RONALD ZIMMERMAN,
                        Appellant,

DOCKET NUMBER
PH-0752-14-0464-I-1

                v.

DEPARTMENT OF DEFENSE,
                        Agency.

DATE: September 26, 2014

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Ronald J. Hunziker, New Cumberland, Pennsylvania, for the appellant.

Karen L. Saxton, New Cumberland, Pennsylvania, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The agency has filed a petition for review of the initial decision, which found that the agency had constructively suspended the appellant and reversed the agency action.    For the reasons discussed below, we GRANT the agency's

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  See 5 C.F.R. § 1201.117(c).

petition for review, REVERSE the initial decision, and DISMISS the appeal for lack of jurisdiction.

## BACKGROUND

¶2      The appellant is a Lead Supply Technician with the agency's Defense Logistics Agency (DLA).  Initial Appeal File (IAF), Tab 4 at 19.  The duties of that position include frequent lifting and carrying of items weighing up to 40 pounds, and standing on hard surfaces for extended periods of time.  *Id.* at 24.  In May 2013, the appellant submitted medical notes indicating that he was limited in various activities, including lifting, walking, and standing on concrete for extended periods of time.  *Id.* at 26, 30.  Based on this medical documentation, the agency assigned the appellant to light-duty for 90 days pursuant to the master labor agreement (MLA) between DLA and the appellant's union.  *See id.* at 42-43, 59.  In September 2013, the agency granted the appellant a second 90-day period of light-duty.  *Id.* at 45.

¶3      By memorandum dated November 19, 2013, D.T., Chair of the agency's Case Management Team,[2] informed the appellant that his light-duty assignment would end in 15 days and advised him of his leave options if he could not return to his position of record.  *Id.* at 54-55.  The appellant requested a second extension of his temporary light-duty assignment, which the agency denied.  *Id.* at 57.  When the appellant's light-duty assignment expired, he was sent home because his medical restrictions did not allow him to return to his position of record.  *See* HT at 7 (testimony of appellant), 39 (testimony of D.T.).

¶4      The appellant filed an appeal with the Board and requested a hearing, alleging that the agency constructively suspended him when it discontinued his light-duty assignment on December 5, 2013.  IAF, Tab 1.  The appellant also

---

[2] The DLA program governing light-duty assignments is called the Case Management Program.  *See* Hearing Transcript (HT) at 17 (testimony of appellant).

raised a harmful procedural error claim based on the agency's alleged failure to comply with the MLA. *Id.* at 6.

¶5    After holding a hearing, the administrative judge issued an initial decision finding that the appellant demonstrated by preponderant evidence that the agency constructively suspended him beginning December 5, 2013, by denying his November 2013 request to extend his light-duty assignment. IAF, Tab 8, Initial Decision (ID) at 9. The administrative judge further found that the appellant proved his affirmative defense of harmful procedural error. ID at 9.

¶6    The agency has filed a petition for review. Petition for Review (PFR) File, Tab 1. The appellant has not filed a response to the petition for review.

## ANALYSIS

The appellant did not prove that the agency constructively suspended him by denying his request to extend his light-duty assignment.

¶7    Certain employee-initiated leaves of absence that appear to be voluntary but are not may be appealable under 5 U.S.C. chapter 75 as constructive suspensions. *See Bean v. U.S. Postal Service*, 120 M.S.P.R. 397, ¶¶ 7-8 (2013). Assuming that the jurisdictional requirements of chapter 75 are otherwise met, to establish jurisdiction under these circumstances, the appellant must prove by preponderant evidence that: (1) he lacked a meaningful choice in the matter; and (2) it was the agency's wrongful actions that deprived him of that choice. *Id.*, ¶ 8.

¶8    Here it is undisputed that the appellant lacked a meaningful choice. *See* PFR File, Tab 1 at 7. Thus, the seminal issue in this appeal is whether the agency's actions wrongfully deprived the appellant of that choice. To resolve this issue, we must determine whether the agency wrongfully denied the appellant's November 2013 request to extend his light-duty assignment.

¶9    As noted above, the agency granted the appellant light-duty work pursuant to the MLA. The MLA provision governing temporary light-duty assignments, Article 29, Section 2.E., states as follows:

> The Employer shall consider temporarily assigning an employee who is temporarily disabled from performing the full range of duties of his/her position to duties which the employee is qualified and capable of performing. Placements of this nature will be temporary, generally not exceeding 90 days. After this period, action shall be taken to review or reassess the employee's condition. Dependent on the employee's condition and qualifications, the Employer may return the employee to his/her official position of record, extend the temporary assignment, assign the employee to a position at the same or lower grade, or counsel the employee on disability retirement if the employee is eligible. The Employer may initiate separation if reassignment or change to lower grade is not possible because of disabilities and absence of vacancies for which the employee meets qualification requirements. If such an employee submits a request for Disability Retirement, the Employer will consider the option of carrying the employee in a sick, annual, or leave without pay status, as appropriate.

IAF, Tab 4 at 59.

¶10 By letter dated July 1, 2013, the agency informed the appellant's union that there had been a decline in the number of possible light-duty assignments due to a reduction in the agency's workload at various locations. IAF, Tab 6 at 13. The agency stated that, for those employees who had been on light-duty for more than the 90-day period specified in the MLA, their specific circumstances would be reviewed to determine if the current light-duty assignment was still viable and in the best interests of both the employee and the agency. *Id.*

¶11 The administrative judge found that the agency was bound by contractual provision to explore whether light-duty work was available and that this requirement did not end merely because 90 days had elapsed. ID at 7. Rather, the administrative judge found, the agency was then obligated to review the specific circumstances of the appellant's situation and determine if his light-duty assignment was still viable and in the best interests of both the appellant and the

agency. ID at 7. The administrative judged noted that both the appellant and the agency's only witness testified that light-duty work was available for the appellant after his second 90-day temporary light-duty assignment expired. ID at 6. Based on this testimony, the administrative judge found that the appellant's light-duty assignment was still viable and in the best interests of both parties. ID at 7.

¶12 The administrative judge found that the appellant proved not only that he lacked a meaningful choice in the matter but also that DLA offered no valid reason for not extending his temporary light-duty assignment. ID at 9. In that regard, the administrative judge noted that DLA admitted that there was work available for the appellant at the time it decided not to extend his light-duty assignment. ID at 9. Therefore, the administrative judge found, the appellant demonstrated by preponderant evidence that the agency constructively suspended him beginning December 5, 2013. ID at 9.

¶13 We disagree. Under Article 29, Section 2.E. of the MLA, the agency's obligations regarding light-duty assignments are twofold: (1) the agency is required to consider temporarily assigning an employee who is temporarily disabled from performing the full range of duties of his/her position to duties for which the employee is qualified and capable of performing; and (2) following the expiration of such an assignment, which is temporary and generally for a period not exceeding 90 days, the agency is required to review or reassess the employee's condition. IAF, Tab 4 at 59. Depending on the appellant's qualifications and his condition, the agency may then take one of several actions, including the extension of the appellant's light-duty assignment. *Id.* Significantly, however, the MLA does not require the agency to extend an employee's light-duty assignment upon his request merely because light-duty work is available when the employee's temporary assignment ends.

¶14 The record evidence demonstrates that the agency satisfied its obligations under Article 29, Section 2.E. First, it is undisputed that the agency not only

considered temporarily assigning the appellant to light-duty work but actually did so. Second, D.T.'s hearing testimony established that he reassessed the appellant's condition at the end of his temporary light-duty assignment but determined that an extension of his light-duty assignment was inappropriate, in part, because the agency wanted to give all employees who had sustained work-related injuries an opportunity to participate in the program. *See* HT at 36 (testimony of D.T.). Put differently, D.T. determined that extending the assignment was not in the best interests of the agency and the appellant has proffered no evidence to question that assessment. Therefore, we find that the agency did not act improperly in denying the appellant's request to extend his light-duty assignment a second time.

¶15 In sum, we find that, while the appellant lacked a meaningful choice when the agency terminated his light-duty assignment, he failed to prove that the agency acted improperly in doing so. As noted above, the MLA calls for reassignments that are "temporary, generally not exceeding 90 days." The appellant's light-duty assignment lasted from May 2013, to December 2013, a period of more than 180 days. Accordingly, we find that the agency did not constructively suspend the appellant. Therefore, the Board lacks jurisdiction over this appeal.

¶16 Further, because the Board lacks jurisdiction over this appeal, it cannot consider the appellant's harmful error claim. *See Daneshpayeh v. Department of the Air Force*, 57 M.S.P.R. 672, 682 n.9 (1993) (the Board lacks jurisdiction over allegations of harmful error absent an otherwise appealable action), *aff'd*, 17 F.3d 1444 (Fed. Cir. 1994) (Table).

### NOTICE TO THE APPELLANT REGARDING
### YOUR FURTHER REVIEW RIGHTS

You have the right to request the United States Court of Appeals for the Federal Circuit to review this final decision. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right.  It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm.  Additional information is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court.  The Merit Systems

Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.